IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KMART CORPORATION** | **CIVIL NO.10-2035 (   )** |
| **Plaintiff,** | |
| v. | **TORT CLAIM FOR DAMAGES** |
| **CHARTIS INSURANCE COMPANY-PUERTO RICO; JOHN DOES I-X, ABC INSURANCE COMPANIES; as well as any Other Joint Tortfeasors.** | **TRIAL BY JURY DEMANDED** |
| **Defendants.** | |

## COMPLAINT

**APPEARS NOW** plaintiff **KMART CORPORATION**, through the undersigned attorneys, and hereby states, alleges and demands judgment as follows:

### JURISDICTIONAL BASIS AND VENUE

1. Jurisdiction in this case arises under 28 U.S.C. §1332, diversity jurisdiction.

2. Plaintiff is a Michigan corporation with its corporate office in Hoffman Estates, Illinois, while all Defendants are either individuals who are citizens and domiciles of Puerto Rico or of a state other than Michigan or Illinois or corporations domiciled, incorporated and/or with their principal place of business in Puerto Rico or a state other than Michigan or Illinois.

3. The matter in controversy exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, thus vesting jurisdiction on this Honorable

        Court pursuant to 28 U.S.C. §1332.

4. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391, since the events or omissions giving rise to this claim occurred in this district.

## THE PARTIES

5. Plaintiff KMART CORPORATION (hereinafter referred to as "Kmart") is Michigan corporation with its corporate office in Hoffman Estates, Illinois.

6. Co-defendant CHARTIS INSURANCE COMPANY-PUERTO RICO (hereinafter referred to as "Chartis") is a business organized and operating under the laws of the Commonwealth of Puerto Rico or a state other than Michigan or Illinois with its principal place of business in a state other than Michigan or Illinois, which provided general liability insurance coverage to co-defendants John Does I-X, as well as any Other Joint Tortfeasors, for the incidents alleged herein.

7. Co-defendants JOHN DOES I-X are unknown who are fictitiously named herein to be later replaced by their actual names which may become known through further discovery in this litigation, and who may be therefore liable to Plaintiff, in whole or in part, jointly or severally, for the actions herein described and the damages suffered by Plaintiff.

8. Co-defendants ABC Insurance Companies are insurance companies presently unknown who are believed to provide named and unnamed defendants with liability insurance during the applicable time period.

## GENERAL ALLEGATIONS

9. On October 23, 2009, at approximately 12:30am, an explosion occurred at Caribbean

      Petroleum Company's facility (hereinafter referred to as "CAPECO").

10. Approximately twenty-one (21) storage tanks containing, fuel, diesel, petroleum and other hazardous and highly explosive products exploded, producing an enormous fire and releasing toxic gases and substances into the air, water and soil.

11. The blast was so powerful that it registered 2.8 in the Richter Scale, an intensity of VI in the Mercalli scale and was felt as far as Culebra, Vieques and even the Virgin Islands.

12. The blast also caused severe property damage to homes, buildings and businesses in the affected areas.

13. The force of the explosion broke windows, knocked doors off their hinges and frames and caused other severe damages.

14. Kmart has a store located in The San Patricio Mall, which is located at approximately 1.9 miles from where the explosion and subsequent fire occurred.

15. Immediately after the explosion was noticed by the store's personnel, large sections of fireproofing material had detached from the metal deck and penetrated the hang ceiling tiles reaching the store's floor area.

16. As the time passed, the damages became more intensive.

17. Kmart's maintenance personnel performed preventive clean-up.

18. On June of 2010, when a comprehensive survey of the metal deck was performed, it was determined that the cause and the extent of the damages were a direct result of the explosion from CAPECO's facilities.

19. As a result of the explosion on CAPECO's facilities, the shockwave caused the structure and

the metal deck to move, thus, debilitated the fireproofing material and caused to lose its adherence to the metal deck.

20. Upon information and belief, co-defendant Chartis issued general liability insurance policies on behalf of CAPECO, co-defendants JOHN DOES I-X, as well as any Other Joint Tortfeasors, that were in full force and effect during the incidents alleged herein.

21. Co-defendant Chartis and others unknown entities or individuals are liable for the damages suffered by plaintiff Kmart as described below.

## FIRST CAUSE OF ACTION
## against co-defendant CHARTIS

22. The factual allegations contained above are restated herein in full.

23. Pursuant to 26 L.P.R.A. § 2003, an action against an insurer may be brought separately or may be joined with an action against the insured.

24. Co-defendant Chartis provided general liability insurance coverage and umbrella policies to CAPECO, co-defendants JOHN DOES I-X, as well as any Other Joint Tortfeasors, that were in full force and effect during the incident at issue occurring on October 23, 2009.

25. Upon information and belief, Chartis issued a CGL Policy No.005-1000824, effective May 31, 2009 to May 31, 2010, with limits of $1,000,000.00 each occurrence, subject to a per occurrence deductible of $25,000.00 and a general aggregate limit of $2,000,000.00.

26. Upon information and belief, Chartis issued an Umbrella Policy No.018-001756, effective May 31, 2009 to May 31, 2010, with a per occurrence/aggregate limit of $25,000,000.00 in excess of the amount recoverable under the scheduled underlying insurance or $10,000.00

ultimate net loss per occurrence not covered by underlying insurance.

27. Pursuant to 26 L.P.R.A. § 2001, *et seq.*, co-defendant Chartis is directly liable for the fault or negligence of CAPECO, co-defendants JOHN DOES I-X, as well as any Other Joint Tortfeasors, for the incident at issue occurring on October 23, 2009.

## SECOND CAUSE OF ACTION
### against co-defendants JOHN DOES I-X

28. The factual allegations contained above are restated herein in full.

29. Co-defendants John Does I-X are unknown who are fictitiously named herein to be later replaced by their actual names which may become known through further discovery in this litigation, and who may be therefore liable to Plaintiff, in whole or in part, jointly or severally, for the actions herein described and the damages suffered by Plaintiff.

30. As a direct result of co-defendants JOHN DOES I-X's negligent acts or omissions, plaintiff Kmart suffered the damages described below.

## THIRD CAUSE OF ACTION
### against co-defendants ABC Insurance Companies

31. The factual allegations contained above are restated herein in full.

32. Co-defendants ABC insurance companies of any named or unnamed defendants, the ABC Insurance Companies, are directly liable for the fault or negligence of the insured pursuant to 26 L.P.R.A. § 2001.

33. Pursuant to 26 L.P.R.A. § 2003, an action against an insurer may be brought separately or may be joined with an action against the insured.

34. Pursuant to 26 L.P.R.A. § 2001, *et seq.*, co-defendants ABC insurance companies are directly

liable for the fault or negligence of CAPECO, co-defendants JOHN DOES I-X, as well as any Other Joint Tortfeasors, for the incident at issue occurring on October 23, 2009.

## DAMAGES

35. The factual allegations contained above are restated herein in full.

36. As a direct result of the explosion that occurred on October 23, 2009 at the CAPECO facilities, plaintiff Kmart suffered damages to the structural steel fireproofing in its store located in The San Patricio Mall.

37. As a direct result of the explosion, large sections of fireproofing material detached from the metal deck and penetrated the hang ceiling tiles reaching the store's floor area.

38. As time passed, damages intensified and Kmart's maintenance personnel had to perform preventive clean-up.

39. As a result of the explosion, the shockwave caused the structure and the metal deck to move, debilitating the fireproofing material and caused to lose its adherence to the metal deck at Kmart's store.

40. Plaintiff Kmart's damages – including but not limited to clean-up costs, property damage, lost of income and expenses – have a reasonable value of not less than ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).

41. Defendants are jointly and severally liable for all damages.

## TRIAL BY JURY DEMANDED

42. Plaintiff hereby demands a trial by jury.

    **WHEREFORE,** Plaintiff demands judgment against Defendants jointly and severally, in the

amount of no less than ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00), as well as reasonable attorney's fees, and such further relief as to this Honorable Court may deem just and proper under the law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22nd day of October, 2010.

*Plaintiff's Counsel*:

**INDIANO & WILLIAMS, P.S.C.**
207 Del Parque St., 3rd Floor
San Juan, P.R. 00912
Tel. (787)641-4545 / Fax (787)641-4544
david.indiano@indianowilliams.com

s/ David C. Indiano
**David C. Indiano**
USDC-PR No.200601